IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANNON GREEN, JR., | * | |
| Petitioner, | * | |
| v. | * | Case No.: DLB-22-1695 |
| KEVIN P. GUISTWITE, *et al.*, | * | |
| Respondents. | * | |

## MEMORANDUM OPINION AND ORDER

On June 8, 2022, self-represented petitioner Channon Green, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is being denied his constitutional rights because an order issued by the Circuit Court for Prince George's County, Maryland directs him to make child support payments through wage garnishment; maintain employment; inform the court of any changes to his employment and residential address; and appear before the court if summoned. ECF 1; *see also Millimono v. Green*, Case No. CAS11-37644 (Cir. Ct. for Prince George's Cnty.) at http://casesearch.courts.state.md.us/casesearch/ (last viewed July 18, 2022). Green seeks to have the state court order vacated and to have his payments returned. For the reasons that follow, Green's petition must be dismissed.

"[A] person in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254 by challenging the constitutionality of that judgment. 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). "[T]o meet the jurisdictional 'in custody' requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed." *Mainali v. Virginia*, 873 F. Supp. 2d 748, 751 (E.D. Va. 2012) (citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)). For example, "it is

well settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254." *Id.* (citing *Jones*, 371 U.S. at 242); *see also Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986) (release of prisoner on charges of failure to pay child support did not render habeas petition moot because the possibility of being imprisoned again remained a possibility).  Here, Green is neither in state custody nor under an ongoing term of probation as a result of the judgment he challenges; rather, he is subject to a civil order to pay child support, and, like any other order of a court, he is subject to contempt charges for failing to comply.

Additionally, a petitioner seeking relief under § 2254 first must exhaust his claims in state court.  28 U.S.C. § 2254(b), (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Green argues that he is excused from exhausting his claims because there is no appellate review available for the civil judgment.  Not so.  Green may appeal to the Maryland Court of Special Appeals and raise any issues he has with the propriety of the order. *See, e.g.*, *Arrington v. Dept. of Human Resources*, 935 A.2d 432 (Md. 2007) (appeal of sanction imposed after father was found in civil contempt); *Bryant v. Howard Cnty. Dep't of Soc. Servs. ex rel Costley*, 874 A.2d 457 (Md. 2005) (finding of civil contempt for non-payment of child support is appealable even though no sanction was imposed); *Rawlings v. Rawlings*, 766 A.2d 98 (Md. 2001) (appeal of finding that father was in civil contempt for non-payment of child support).  Because Green has not done so, his claims are unexhausted.

Even if Green had filed a civil complaint rather than a habeas petition, this Court does not have jurisdiction to consider matters regarding child custody or child support payments.  "[T]he

district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980); *see Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole* and noting federal courts "generally abstain from child custody matters"); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights").

To the extent Green seeks mandamus relief requiring a state court to alter or reverse its order, this Court does not have jurisdiction to issue a writ of mandamus ordering a state court to act. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); s*ee also* 28 U.S.C. § 1361. Moreover, writ of mandamus provides extraordinary relief, available only when there are no other means by which to grant the relief. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Green may challenge the order in state court.

Thus, for the foregoing reasons, the petition for writ of habeas corpus must be dismissed without prejudice for lack of jurisdiction.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Green's petition fails to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the

Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one); Fed. R. App. P. 22(b).

Accordingly, it is this 28th day of July, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;

2. The Court DECLINES to issue a certificate of appealability;

3. The Clerk shall CLOSE this case; and

4. The Clerk shall SEND a copy of this Memorandum Opinion and Order to Green.

_____
Deborah L. Boardman
United States District Judge